Morey *v.* Forsyth.

PETER MOREY *v.* ROBERT A. FORSYTH *et al.*

The assignor of a judgment, or *chose in action* on which a judgment has been obtained in the name of the assignor, is not a necessary party to a judgment creditor's bill filed by the assignee.

But where there is a controversy between the assignor and assignee, touching the assignment, the Court will direct the assignor to be made a party for the protection of all.

Where an assignment of a debt is made to defraud creditors, they only can take advantage of the fraud to set it aside, and it is good against all others; and the debtor cannot set it up as a defence to a suit by the assignee.

Where the object of a suit is to place trust property in the possession of the trustee, and not to affect the existence of the trust or trust property, the *cestui que trust* is not a necessary party.

MOTION for a receiver on a judgment creditor's bill.

The bill was in the usual form, and stated that, in June, 1840, previous to the rendition of the judgment, which was in the name of Joseph W. Brown, the said Brown, for a good, sufficient, and valuable consideration, assigned, sold, and transferred to complainant the claim upon, and for the recovery of which, the judgment was obtained; and that complainant was the absolute owner of the judgment so recovered. The answer of Forsyth, the judgment debtor, was read in opposition to the motion. Among other things, it stated, on information and belief, that the assignment from Brown to complainant was made to defraud Brown's creditors. That Elisha S. Avery and Charles Eldredge, in December, 1840, filed a judgment creditor's bill against Brown, and obtained the appointment of a receiver, to whom Brown, on the first of March, 1842, assigned all his property, equitable interests, things in action, money, and effects; and that, on the 27th day of February, 1843, the aforesaid judgment was sold by the

receiver, at public auction, to Avery and Eldredge. The answer further stated Morey was to pay two hundred dollars out of the demand to the Farmers and Mechanics' Bank, *if collected.*

*H. H. Emmons,* in support of the motion.

*A. Davidson,* contra; who insisted that Brown, Avery and Eldredge, and the Farmers and Mechanics' Bank, should be made parties.

THE CHANCELLOR. Nothing is more common in practice, than for an assignee of a judgment to file a judgment creditor's bill, without making the assignor a party. At law, as well as in equity, the rights of an assignee of a chose in action are recognised and protected. The assignee, must, however, in most cases, still sue in the name of the assignor; yet he is considered the real party to the record, and in interest, and what was formerly looked upon by courts of law as a mere equity, is now regarded by them as a legal right; so that there is no longer any necessity for making the assignor a party to a bill by an assignee, with a view of binding the legal interest formerly held to be in the assignor, while the equitable interest only was in the assignee. *Ward* v. *Van Bokkelen,* 2 *Paige R.* 289. When the assignor has parted with his whole interest in the judgment, there is no more necessity for making him a party to a bill filed by the assignee, than there is for making the mortgagor, who has conveyed his equity of redemption, a party to a bill of foreclosure. If there be a controversy between the assignor and assignee, touching the assignment, the Court will direct the assignor to be made a party for the protection of all; otherwise he need not be a party.

Nor are Avery and Eldredge necessary parties. Sup-

pose the assignment was to defraud creditors; they only, and those claiming under them, could take advantage of the fraud. It is good against all others. It cannot be questioned by the debtor of the assignor, whose debt has been assigned, in a suit brought by the assignee against him. Creditors may, or may not, insist upon the fraud, because it works to their injury; but it cannot injure the debtor of the assignor. It is not for the defendant, therefore, to refuse paying the judgment to complainant, because he may think the assignment of it was intended to defraud Avery and Eldredge, who have not, so far as appears from the answer, thought proper to institute proceedings to have the assignment set aside, and the judgment paid to them, or given notice to defendant of their intention to do so, and forbidden his paying the money to complainant. Had they given such notice, it would not be a good defence to the present suit; but would, I am inclined to think, have warranted defendant, for his own protection, in filing a bill of interpleader against complainant and Avery and Eldredge, on bringing the amount of the judgment into Court.

Complainant may be regarded as a trustee of that part of the judgment, viz. the two hundred dollars, to be paid to the bank when the judgment is collected. The bill is filed to enforce payment of the judgment; not an execution of the trust. It is no part of its object to affect the existence of the trust, or the trust property, except to place it in the hands of the trustee, who cannot, until then, execute the trust. Payment of the judgment only, and not the existence, effect, or execution of the trust, is the prayer of the bill. The *cestui que trust*, the bank, is, therefore, not a necessary party. *Franco* v. *Franco*, 3 *Ves. R.* 75; *Jones* v. *Goodchild*, 3 *P. Wms. R.* 32; *Calvert Eq.* 212, 213.

Motion granted.